IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Daniel B. Sparr

Criminal Action No. 95-cr-271-S

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

KEVIN DION SMITH,

        Defendant.
_____

ORDER
_____

        THIS MATTER comes before the Court on Defendant's Motion to Correct Sentence [Doc. # 20] and Defendant's Petition for Writ of Mandamus Pursuant to 28 U.S.C. § 1651 [Doc. # 21]. The Court has reviewed the motions and is fully advised in the premises.

        As a preliminary matter, the Court will grant Defendant's request for copies of certain documents from his case file. Although there are no actual transcripts of the proceedings in this matter, in the sense of written documents containing verbatim recitation of the court hearing, the Court assumes that Defendant is requesting the minutes of those hearings, as he alternatively describes them. Those documents will be compiled by chambers and sent to Defendant.

        Defendant also requests that the Court order the attorney who was his counsel at the time of his guilty plea to provide him with copies of certain documents relating to that representation. It appears that the documents are essentially the discovery that presumably led to Defendant's acceptance of the plea agreement offered by the Government. Of course that type of material is not part of the court file so the Court is unable to provide Defendant with those documents. Furthermore, as this case was terminated more than ten years ago, counsel is under no obligation

to retain the materials which Defendant seeks. It is simply impractical to require counsel to retain materials on every client indefinitely. Consequently, that request must be denied. Furthermore, based on the reasoning below, the lack of those materials is unimportant as the case file includes a stipulated plea agreement which the Court found Defendant entered into knowingly and voluntarily.

As for Defendant's Motion to Correct his Sentence, he is under a misapprehension regarding the validity of the sentence imposed in this matter. Defendant pled guilty in this matter pursuant to an agreement entered into under former F.R.Crim.P. 11(e)(1)(C). That plea agreement, which was signed by Defendant not once but three separate times in three different versions, contains multiple admissions that would make the sentence imposed appropriate. That is true of each version. Furthermore, with his signature, Defendant agreed that a sentence of life imprisonment was appropriate under those circumstances. Indeed, the final sentence of section I of the plea agreement states "The parties expressly agree and acknowledge that, should the court determine that any sentence <u>less</u> than life imprisonment without parole is appropriate, either the defendant or the government may withdraw from this Plea Agreement." (Emphasis in original.) Lest Defendant forget, the sentence of life imprisonment was a comparatively favorable sentence, for which he bargained. As long as a plea agreement is lawful, the defendant is bound by its terms. *United States v. Libretti*, 38 F.3d 523, 529 (10th Cir. 1994).

It is, therefore, ORDERED that Defendant's Motion to Correct Sentence is Denied. It is further ordered that Defendant's Petition for Writ of Mandamus is Denied.

DATED at Denver, Colorado, this 23rd day of October, 2006.

BY THE COURT:

s/ Daniel B. Sparr
Daniel B. Sparr
Senior United States District Judge