**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 95-cr-00271-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KEVIN SMITH,
a/k/a "Big Yak,"

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)**

---

This matter is before the Court on Defendant Kevin D. Smith's *pro se* Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  (Doc. # 76.)

**I. BACKGROUND**

On July 26, 1995, Mr. Kevin Smith pleaded guilty to conspiring to possess more than 50 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1956.  The court accepted his plea under Federal Rule of Criminal Procedure 11(e)(1)(C) (current version at Fed. R. Crim. P. 11(c)(1)(C)). (Doc. # 8.)  As a part of the plea, he also agreed to plead guilty to first degree murder in state court.  (Doc. # 22 at 2.)  On October 4, 1995, he was sentenced by a federal district court judge to life imprisonment.  (Doc. # 15.)  In its statement of

reasons for the sentence, the court adopted the factual findings and guideline applications of the presentence investigation report ("PSR"). (Doc. # 16 at 4.)

The PSR placed Mr. Smith in criminal history category VI and assigned him a total offense level of 39. It offered two bases for determining that VI was the proper criminal history category. First, Mr. Smith was a career offender under U.S.S.G. § 4B1.1. (Doc. # 75 at 9.) Second, his past offenses generated 16 criminal history points, which exceeds the 13 points required for category VI in the sentencing table. (*Id.* at 17-18.) *See also* United States Sentencing Manual ("U.S.S.G.") § 5A.

The PSR's calculation of Mr. Smith's offense level started with the Guideline provision covering cocaine base offenses, U.S.S.G. § 2D1.1. (Doc. # 75 at 7.) In 1995, that provision assigned Mr. Smith a base offense level of 38 because the amount of cocaine base involved in the conspiracy offense exceeded 1.5 kilograms. (*Id.*) *See also* U.S.S.G. § 2D1.1(c)(1) (1994). From there, Mr. Smith's offense level was increased by four levels: two because the offense involved possession of a dangerous weapon, *see* § 2D1.1(b) (1994), and two for his managerial role in the conspiracy, *see* § 3B1.1(c). (Doc. # 75 at 7.) The resulting adjusted offense level of 42 was applied to Mr. Smith because it exceeded the adjusted offense level assigned to Mr. Smith's other offense for money laundering. (*Id.* at 8.) *See also* U.S.S.G. § 3D1.3. Additionally, despite Mr. Smith's career offender status, the 42 offense level calculated from § 2D1.1 was applicable because it exceeded the 37 offense level produced by the career

offender Guideline.[1]  (Doc. # 75 at 9.)  *See also* U.S.S.G. § 4B1.1.  The Guidelines then prescribed a three-level reduction due to Mr. Smith's acceptance of responsibility, yielding an adjusted offense level of 39.  (Doc. # 75 at 7.)

In 2010, Congress enacted the Fair Sentencing Act ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, to ameliorate the sentencing disparity between offenses involving cocaine base and those involving cocaine powder.  The FSA directed the Sentencing Commission to amend the sentencing guidelines to reflect this change.  *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013)  In turn, the Commission increased the quantity of cocaine base necessary to trigger each base offense level in the § 2D1.1 Guideline, *see* U.S.S.G. app. C, amend. 748 (2011), and made that amendment permanent and retroactive.  *See Lucero*, 713 F.3d at 1026 (citing U.S.S.G. app. C, amends. 750, 759 (2011)).  The effect pertinent here was to lower the base offense level for crimes involving five kilograms of cocaine base from 38 to 36.  *See* U.S.S.G. § 2D1.1 (2011).

In the instant motion, Mr. Smith petitions this Court to exercise its power under 18 U.S.C. § 3582(c)(2) and reduce his sentence pursuant to the Guideline amendment.  (Doc. # 76.)

---

[1] The statutory maximum penalty for Mr. Smith's § 846 conspiracy offense tracked that of the § 841(b)(1)(A) offense.  *See* 21 U.S.C. § 846 (1994).  When the court sentenced Mr. Smith in 1995, the § 841(b)(1)(A) offense carried a statutory maximum of life imprisonment.  *See id.* § 841(b)(1)(A)(iii).  That statutory maximum yielded an offense level of 37.  *See* U.S.S.G. § 4B1.1.  However, because the offense level applicable to Mr. Smith under § 2D1.1 was greater than 37, it was applied.  (Doc. # 75 at 9.)

## II. STANDARD OF REVIEW

Mr. Smith is proceeding *pro se*, and therefore the Court construes his pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a reasonable reading of Mr. Smith's pleadings would entitle him to relief, his "failure to cite proper legal authorities, his confusion of legal theories, his poor syntax and sentence construction, [and] his unfamiliarity with pleading requirements" should not stand in the way. *See United States v. Solarin*, 2009 WL 3698529, at *2 (D. Colo. 2009) (unpublished) (citing *Hall*, 935 F.2d at 1110). Still, Mr. Smith bears the burden of alleging sufficient facts to entitle him to relief on a recognized legal claim. *See id.* (citing *Hall*, 935 F.2d at 1110).

## III. DISCUSSION

Mr. Smith contends that 18 U.S.C. § 3582(c)(2) authorizes this Court to reduce his sentence because the sentence was based on a sentencing range that has subsequently been lowered pursuant to the FSA. (Doc. # 76 at 2.) However, because the amended Guidelines would not have the effect of lowering Mr. Smith's sentencing range, the Court determines that it lacks jurisdiction to resentence Mr. Smith.

Generally, federal courts lack authority to "modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, § 3582(c)(2) permits the Court to reduce a prisoner's sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Additionally, any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2). According to those statements, a prisoner's

sentence may be reduced only if the amendment would have "the effect of lowering the . . . applicable guideline range." U.S.S.G. § 1B1.10(a)(1) (2011). Finally, before reducing a sentence, the Court must "consider[] the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable."

As a preliminary matter, this Court must decide whether Mr. Smith's sentence was "based on" a Guideline range that since has been retroactively amended. *Freeman v. United States*, --- U.S. ---, ---, 131 S. Ct. 2685, 2700 (2011) (Sotomayor, J., concurring).[2] A sentence imposed pursuant to a guilty plea under Federal Rule of Criminal Procedure 11(c)(1)(C) is based on the Guidelines only if the plea agreement "expressly use[d] a Guidelines sentencing range applicable to the charged offense to establish" the sentence. *See id.* at 2695.

In the instant case, the plea agreement Mr. Smith executed provided for the imposition of the specific term of life imprisonment, and it is clear that the basis for that sentence was the 360-months-to-life Guideline range applicable to the offense to which he pleaded guilty. (*See* Doc. # 22 at 6-8.) *See also Freeman*, 131 S. Ct. at 2697-98 (Sotomayor, J., concurring) (holding that agreement is based on sentencing range if sentencing range is "evident from the agreement itself"). Moreover, the court's judgment specifically identified the 360-months-to-life Guideline sentencing range when it explained the reasons for Mr. Smith's life sentence. (*See* Doc. # 16 at 4.) Therefore, Mr. Smith's sentence was "based on" the Guidelines as required by *Freeman*.

---

[2] Because Justice Sotomayor's concurrence in *Freeman* provides the narrowest grounds of decision, it represents the Court's holding in that case. *See United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (citations omitted).

Nonetheless, this Court lacks jurisdiction to reduce Mr. Smith's sentence because applying the amended Guidelines would not lower his sentencing range. The sentencing court adopted the Guideline application contained in the PSR. (*Id.* at 4.) Doing so yielded a criminal history category of VI and a total offense level of 39. (*Id.*) Although the offense level of 39 was based on the § 2D1.1 guidelines, the reduced offense level of 37 to which Mr. Smith would be entitled under the 2010 amendments still yields a sentencing range of 360 months to life. *See* U.S.S.G. § 5A. Because that range is identical to the one the court identified at Mr. Smith's initial sentencing, the FSA Guideline amendment would not have the effect of lowering the applicable Guideline range. *See* U.S.S.G. § 1B1.10(a)(1) (2011).

Consequently, this Court lacks jurisdiction to modify Mr. Smith's sentence pursuant to § 3582(c)(2) motion, and his motion (Doc. # 76) is DISMISSED.

DATED: December 13, 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge